UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RSUI INDEMNITY COMPANY,

      Plaintiff,

v.

ADI WORLDLINK, L.L.C., d/b/a        Case No. 16-13019
WORLDLINK, ZENOBIA, ADI, AND
ADIL ADI,                     Honorable John Corbett O'Meara

      Defendant,

and

TIMOTHY CURRY, DELANO BURTON,
and OZIAS FOSTER,

      Indispensable Defendants.
_____/


## OPINION AND ORDER
## <u>GRANTING DEFENDANT'S OCTOBER 28, 2016 MOTION TO DISMISS</u>

     This matter came before the court on defendant ADI WorldLink's October 28,

2016 motion to dismiss, or in the alternative, motion to transfer.  Plaintiff RSUI

Indemnity Company filed a response November 18, 2016; and Defendant filed a reply

brief December 5, 2016.  Oral argument was heard January 12, 2017.

## BACKGROUND FACTS

Defendant ADI WorldLink ("WorldLink") purchased insurance policies from plaintiff RSUI Indemnity Company ("RSUI") that were effective from December 31, 2013, to January 14, 2016.  The policies provided coverage for settlements and judgments stemming from civil actions or arbitration proceedings alleging wrongful acts by WorldLink as an employer.  The policies also required RSUI to defend any such claims.  WorldLink alleges that RSUI has wrongfully denied coverage on the policies.  RSUI filed this action for declaratory judgment in this court August 19, 2016, two weeks after WorldLink had sent RSUI a letter requesting RSUI to reconsider the coverage denial.  On August 29, 2016, WorldLink filed a complaint for breach of contract and declaratory relief in the Eastern District of Texas, where WorldLink is based and where RSUI sold WorldLink the policies at issue.  The Texas suit seeks damages in excess of three million dollars.

## LAW AND ANALYSIS

"The Declaratory Judgment Act is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant."  AmSouth Bank v. Dale, 386 F.3d 763, 784 (6th Cir. 2004) (affirming dismissal of first-filed declaratory judgment complaint in favor of subsequently-filed coercive action).  With few exceptions, coercive actions should be given preference over declaratory judgment

actions when both cases present similar parties and issues. Clear!Blue, L.L.C. v. Clear Blue, Inc., 521 F. Supp. 2d 612, 614 (E.D. Mich. 2007). There exists in the Sixth Circuit "a presumption that the first filed declaratory judgment action should be dismissed or stayed in favor of the substantive suit." AmSouth, 386 F.3d at 791 n. 8.

The United States Court of Appeals for the Sixth Circuit has adopted a five-factor test to determine when a district court should exercise jurisdiction over a declaratory judgment: (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective. Id. at 785.

First, this declaratory judgment action will not fully resolve the controversy between the parties because it does not include WorldLink's claims for breach of contract and bad faith against RSUI. Second, this action will not serve a useful purpose because the Texas action encompasses all the issues in this action as well as WorldLink's claim for damages.

3

Third, "Courts take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum." Id. at 788. In this case RSUI field this declaratory relief action only two weeks after receiving WorldLink's demand letter, informing RSUI that WorldLink had retained insurance coverage counsel and was reserving its right to sue for breach of the policy contract under Texas law. RSUI responded to WorldLink's demand letter to request additional information only after filing this lawsuit. Given the timing and the facts that neither RSUI nor WorldLink is based in Michigan, the policies were not issued in Michigan, and Michigan law does not apply, it appears that Plaintiff may be attempting to acquire a favorable forum.

The fourth factor is inapplicable here, as there is not parallel state action. Finally, the Texas litigation provides a better remedy because a coercive action is a more effective litigation vehicle. WorldLink, along with various witnesses, resides in Texas; and relevant documents are located in Texas. With the factors weighing in favor of the parties proceeding with this litigation in Texas, this court will dismiss the declaratory judgment action.

## <u>ORDER</u>

It is hereby **ORDERED** that Defendant's October 28, 2016 motion to dismiss

is **GRANTED.**

s/John Corbett O'Meara
United States District Judge

Date:  January 13, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, January 13, 2017, using the ECF system.

s/William Barkholz
Case Manager